UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA *EX REL.* <br><br> MELISSA STAGGERS and RHONDA KURDELMEYER, <br><br> PLAINTIFF-RELATORS, <br><br> v. <br><br> MEDTRONIC, INC., <br><br> DEFENDANT. | Civil Action No. 1:15-cv-00392-TSC-RMM |

### RELATORS' REPLY TO MEDTRONIC'S OPPOSITION TO REQUEST FOR RULING ON CAUSATION DISCOVERY

Medtronic's opposition to Relators' Request for a Ruling contains one true statement: namely that the long-pending dispute over the scope of Phase 1 discovery "is briefed, argued, and ripe for decision." The rest of Medtronic's opposition is mere bluster. Relators are accused of:

- "Back-door attempts to add new arguments," but Medtronic does not even identify what those arguments are, much less how they are "back-door." The only new argument is one made by Medtronic, its insupportable demand for cost-shifting.

- "Incorrect assertions" and "misstatements," yet Medtronic identifies none.

- Seeking "procedurally improper" relief, which Medtronic assures the Court violates "hornbook procedure" without citing any hornbook or other authority.

- Seeking relief that is "also impermissible under the Federal Rules," again without identifying any rule that Relators are violating.

In fact, Relators styled their pleading as a "request" because it is not a new motion. The

joint report dispute it references is briefed and ready for decision. The purpose of the request is simply to remind the Court that every day that passes in this eight-year saga sees the loss of more medical records due to the lapse of record retention laws, records on which a decision on the merits of this False Claims Act case depends. For reasons that Relators have fully explored in their prior briefs and at oral argument – and which they neither "jettison," as Medtronic puts it, nor add new points – there are no temporal and geographic limits, either on the face of the phasing order or as a matter of ordinary logic, that apply to the unitary question of whether Medtronic's conduct caused false claims to be made to Medicare seeking payment for medically unnecessary InterStim implants. The proposed order Relators have submitted recognizes that fact.

One other matter that Medtronic seeks to address cannot remain unanswered: its contention that Relators are "not being transparent with the Court" as to ESI negotiations and the unjustifiable burden that Medtronic insists it faces due to Relators' bad faith. The very converse is true. It is Medtronic that is acting in bad faith.

Relators are not seeking "four million" documents or "three terabytes of data" or anything remotely approaching that volume. They have been transparent with the Court that ESI negotiations are ongoing to manage any discovery burden and that any Phase 1 production of ESI will comport with the outcome of those discussions. *See*, *e.g.*, 12/22/22 Hearing Tr. at 64-66 (updating Court on ESI negotiations). Medtronic's unsubstantiated contention that Relators want to abandon ESI negotiations or circumvent them through a "back door" is demonstrably false. Indeed, it is Medtronic that has stymied ESI negotiations, first by initially resisting and then dragging its feet on the routine process of de-duplication to reduce ESI volume. More recently, Medtronic has rejected the use of sensible, straightforward ESI analytics that would narrow even further the number of documents for review and production. Medtronic's unwillingness to

cooperate on such measures seems calculated to manufacture a "burden" that it hopes will cause the Court to deny Relators the discovery to which they are entitled in Phase 1.

In short, Medtronic's unsupported contentions and attempted diversions should not be allowed to obscure that a delay in ruling on the scope of causation discovery prejudices Relators and unjustly rewards Medtronic. Relators request the Court to enter their proposed order.

Respectfully submitted,

Dated: March 21, 2023

By: /s/ John P. Pierce
John P. Pierce, DC Bar No. 475101
**THEMIS PLLC**
2305 Calvert Street, NW
Washington, DC 20008
Telephone: (202) 567-2040
Facsimile: (202) 567-2051
JPierce@Themis.US.com

By: /s/ Mark J. Leimkuhler
Mark J. Leimkuhler, DC Bar No. 415188
James P. Davenport, DC Bar No. 3012
**LEWIS BAACH KAUFMANN
 MIDDLEMISS PLLC**
1101 New York Avenue, NW, Suite 1000
Washington, DC 20005
Telephone: (202) 833-8900
Facsimile: (202) 466-5738
Mark.Leimkuhler@lbkmlaw.com

3