**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* MELISSA STAGGERS and RHONDA KURDELMEYER<br><br>Plaintiffs-Relators,<br>v.<br><br>MEDTRONIC, INC.,<br><br>Defendant. | Civil Action No. 1:15-cv-00392 (TSC) |

**SCHEDULING ORDER WITH RESPECT TO PHASE 1**

Upon consideration of the Parties' submissions regarding further revisions to their proposed Scheduling Order with Respect to Phase 1, it is hereby **ORDERED** that:

1. The Parties will complete negotiations on ESI discovery resolving search terms, date ranges, and the identity of custodians subject to search not later than **August 25, 2023.**

2. The Court will schedule a further Status Conference to be held on September 6, 2023 at 9:30a.m.

3. The Parties will substantially complete production of Phase 1 documents, including both paper records and responsive ESI, not later than **January 22, 2024**.

4. The Parties will serve any additional Requests for Production of Documents and Interrogatories for purposes of Phase 1 not later than **February 6, 2024**.

a. To the extent that additional documents are produced after that date, the Parties may serve additional discovery requests for purposes of Phase 1 based on those newly produced documents **within fourteen days** of production, if, and only if, the request could not have been made earlier.

b. The substantial completion of production deadline identified in Paragraph 3 shall not apply to Requests for Production of Documents served after **October 2, 2023**.

5. All motions to amend or supplement the pleadings shall be filed on or before **February 6, 2024**.

6. The Parties will submit to the Court any further joint reports regarding any discovery disputes with respect to Phase 1 that the Parties are unable to resolve among themselves no later than **February 6, 2024**. The Parties will reserve the right to make submissions after this deadline regarding Phase 1-related disputes that (i) arise or ripen after the deadline and (ii) could not have been raised earlier.

7. All fact discovery in Phase 1 shall be completed not later than **June 7, 2024.**

a. The number of permitted depositions in Phase 1 shall be pursuant to Fed. R. Civ. P. 30(a), with the exception that Medtronic and Relators may each notice up to 15 depositions without stipulation or leave of Court. If the parties agree or the Court so orders on good cause shown, depositions of selected Phase 1 patients and their physicians shall not count against the party's total number of depositions. Notwithstanding anything in this Paragraph, each party agrees that good cause exists, and therefore, will not oppose, a deposition of any additional third-party witness(es) who provide a declaration or

affidavit in support of any motion, appear on a party's witness list, or appear on any supplemental disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

b. No deposition shall exceed 7 hours on the record without prior agreement by the parties or by order of the Court for good cause shown.

c. Each fact witness will be made available for deposition one time in his or her personal capacity. If a party designates an individual to provide testimony as a corporate witness pursuant to Fed. R. Civ. P. 30(b)(6), and the individual is also the subject of a notice for deposition pursuant to Fed. R. Civ. P. 30(b)(1), the parties will make good faith efforts to coordinate the depositions to minimize inconvenience to the witness.

d. The parties agree to confer in good faith, prior to the close of fact discovery, on stipulations pertaining to the authenticity, completeness, and business record status of documents produced in this litigation. Should the parties fail to agree, the parties agree to schedule an additional 30(b)(6) deposition of Defendant and a deposition of each Relator, not to exceed three hours in length per deposition, limited to the authenticity, completeness, and/or business record status of documents produced in this litigation. Such depositions will be completed at least 5 days prior to the close of fact discovery.

8. The Parties will serve their initial expert disclosures no later than **July 15, 2024**. The Parties will serve their rebuttal expert disclosures no later than **September 13, 2024**.

a. No expert deposition shall exceed 7 hours on the record without prior agreement by the parties or by order of the Court for good cause shown.

9. Expert depositions must be completed no later than **November 1, 2024**.

10. The Parties will meet and confer to propose a schedule for summary judgment briefing and post–Phase 1 motions, including without limitation objections to expert testimony pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, no later than **November 15, 2024**.

Dated:August 4, 2023

ROBIN M. MERIWEATHER
United States Magistrate Judge